SCPW-14-0001323

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

HILTON HAWAIIAN VILLAGE, LLC, d.b.a. HILTON HAWAIIAN
VILLAGE BEACH RESORTS & SPA, Petitioner,

vs.

THE HONORABLE KAREN T. NAKASONE, JUDGE OF THE CIRCUIT COURT
OF THE FIRST CIRCUIT, STATE OF HAWAIʻI, Respondent Judge,

and

LORETTA CHONG, individually and on behalf of
all others similarly situated, Respondents.

---

ORIGINAL PROCEEDING
(CIVIL NO. 11-1-0424-03)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of Petitioner Hilton Hawaiian Village, LLC, d.b.a. Hilton Hawaiian Village Beach Resorts & Spa's petition for a writ of mandamus, filed on November 26, 2014, the documents attached thereto and submitted in support thereof, and the record, it appears that petitioner fails to demonstrate that the respondent judge committed a flagrant and manifest abuse of discretion in denying the motion to disqualify counsel, that the basis for the disqualification order is insufficient, and that it will suffer irreparable and immediate

harm by counsels' representation. Petitioner, therefore, is not entitled to a writ of mandamus. See Kema v. Gaddis, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is meant to restrain a judge of an inferior court who has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act); Straub Clinic & Hosp. v. Kochi, 81 Hawaiʻi 410, 415, 917 P.2d 1284, 1289 (1996) (the grant or denial of a motion for disqualification is within the discretion of the trial court); Wong v. Fong, 60 Haw. 601, 604, 593 P.2d 386, 389 (1979) (a petition for a writ of mandamus regarding a disqualification order will not be granted unless the basis upon which the trial court has rested its order of disqualification is clearly insufficient and a convincing showing is made in the petition that irreparable and immediate harm would otherwise be the necessary consequence); Chuck v. St. Paul Fire and Marine Ins. Co., 61 Haw. 552, 559, 606 P.2d 1320, 1325 (1980) (the issue of whether counsel should be disqualified or allowed to continue representation "should not be decided on the basis of general and conclusory allegations"). Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus and the other requested relief are denied.

DATED: Honolulu, Hawaiʻi, January 21, 2015.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



2